**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON 5/19/23
FOR MAILING
AP

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

( Third Amended Complaint )

Alain David Perea ,

Inmate ID Number: M-93551 ,

(*Write your full name and inmate ID*
*number.*)

**v.**

S. Smith ,

K. Clemons ,

Defendants ,

(*Write the full name of each*
*Defendant who is being sued. If the*
*names of all the Defendants cannot*
*fit in the space above, please write*
*"see attached" in the space and*
*attach an additional page with the*
*full list of names. Do not include*
*addresses here.*)

Case No.: 5:22-cv-156-TKW-MJF
(*To be filled in by the Clerk's Office*)

**Jury Trial Requested?**
☑ **YES** ☐ **NO**



# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Alain David Perea_ ID Number: _M-93551_

List all other names by which you have been known: _N/A_

Current Institution: _Apalachee Correctional Institution._

Address: _35 Apalachee Drive Sneads Florida 32460._
_(East Unit)_

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for **each and every** Defendant:

1. Defendant's Name: _S. Smith_

   Official Position: _Captain (Capt)_

   Employed at: _Apalachee Correctional Institution_

   Mailing Address: _35 Apalachee Dr Sneads Florida 32460_
   _(East Unit)_

   ☑ Sued in Individual Capacity          ☐ Sued in Official Capacity

2. Defendant's Name: _K. Clemons_

Official Position: _Sargeant (Sgt)_

Employed at: _Apalachee Correctional Institution_

Mailing Address: _35 Apalachee Drive Sneads Florida 32460_
_(East Unit)_

☑ Sued in Individual Capacity        ☐ Sued in Official Capacity

3. Defendant's Name: _Unidentified Officers 1-4_

Official Position: _Unknown_

Employed at: _Apalachee Correctional Institution_

Mailing Address: _35 Apalachee Drive Sneads Florida 32460_
_(East Unit)_

☑ Sued in Individual Capacity        ☐ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)        ☑ State/Local Officials (*§ 1983 case*)

## III.  PRISONER STATUS

Indicate your confined status:

☐  Pretrial Detainee                ☐ Civilly Committed Detainee

☑  Convicted State Prisoner         ☐ Convicted Federal Prisoner

☐  Immigration Detainee             ☐ Other (*explain below*):

_____

_____

## IV.  STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1- On March 14, 2021 Plaintiff was confined at Apalachee Correctional Institution O₂ dormitory.

2. Plaintiff explained to dormitory's Sgt K. Clemons that he (Plaintiff) had a physchologic emergency and just had a nervous breakdown.

3. (Sgt) K. Clemons told plaintiff that he was not going to call nobody from the medical department and told Plaintiff to leave the officers station window.

4. Plaintiff refused to leave the window and ordered (Sgt) K. Clemons to radio in Captain S. Smith.

5. Plaintiff once again told (Sgt) K. Clemons that he had a psychological emergency.

6. Captain S. Smith will now arrive to O. dorm quad 2.

7. As Captain S. Smith entered the door of O-dorm quad 2, she immediately saw Plaintiff Perea at the officer station flap of O-dorm quad 2 at Apalachee Correctional Institution.

8. Capt S. Smith now ordered Plaintiff to back away from the flap and explain to her whats going on.

**Statement of Facts Continued** (*Page____of_____*)

9. Plaintiff Perea started explaining to Capt S. Smith that he told (Sgt) K. Clemons that he had a mental health emergency.

10. Capt S. Smith now gave Plaintiff a evil smile. So inmate Perea you are snitching on Sgt K. Clemons.

11. (Sgt) K. Clemons will now exit the officer's station and threaten Plaintiff.

12. You know what (we)(me) and Capt. Smith do to snitches around here at Apalachee C. I.

13. Plaintiff told (Sgt) K. Clemons NO and started walking away towards the inmate bathroom area.

14. Plaintiff told will now hear Capt S. Smith yell out at (Sgt) K. Clemons attack him!

15. (Sgt) K. Clemons will now strike Plaintiff in back of his head with a close fist causing Plaintiff to cry out in pain.

16. As Plaintiff was falling towards the ground (Sgt) K. Clemons kept kicking Plaintiff Perea in the facial area braking Plaintiff's jaw.

17. Plaintiff immediately noticed Captain S. Smith watching the assault "and not stoping it". (Continued in page 6A )- See Attached

625ab602b9385dca

Statement of Facts Continued (Page 1 of 2) 6A

18. Plaintiff started yelling at Capt. S. Smith to stop (Sgt) K. Clemons but to no avail.

19. Capt S. Smith started to cheer on (Sgt) K. Clemons to beat and kill Plaintiff.

20. Sgt K. Clemons continued his assault on Plaintiff causing Plaintiff to lose consciousness.

21. As Plaintiff was in and out of consciousness he noticed a open spray can of chemical agents spraying Plaintiff in the face and body causing Plaintiff a burning sensation all over his body.

22. Defendant acting Capt S. Smith exercised deliberate indifference to Plaintiff's health and safety by failing to immediately protect Plaintiff Perea from (Sgt) K. Clemons attack that she witnessed and knew was occurring. Instead the Defendant merely acknowledged to Plaintiff that she saw the attack by (Sgt) K. Clemons and despite seeing that Plaintiff Perea had suffered and was suffering serious injuries, Captain S. Smith failed to stop (Sgt) K. Clemons immediately.

23. As a result of the deliberate indifference exercised by the aforementioned defendant Plaintiff Perea suffered serious harm at the hands of (Sgt) K. Clemons. Plaintiff Perea sustained multiple physical injuries including deep cuts in his mouth and upon his face, broken jaw, bruises upon his face and body. Plaintiff also suffered extreme emotional distress from this incident.

Statement of facts continued ( Page 2 of 2 ) 6A1

24. Captain S. Smith will now tell Sgt K. Clemons to stop that Plaintiff had enough.

25. It should be noted that approximately eighteen hours later medical staff evaluated Perea and transfered him via emergency evacuation to the Reception Medical Center, where x-rays revealed that Plaintiff jaw was broken in (2) places.

26. Plaintiff Perea still suffers emotional distress in recalling the physical abuse that was allowed by Captain S. Smith.

27. Plaintiff Perea is entitled of relief against (Sgt) K. Clemons and Captain S. Smith for violation of the 8th Amendment of the United States Constitution as a result of the assault on March 14 2021 and their failure to take steps much less any reasonable ones make the Defendant Captain S. Smith liable.

28. Plaintiff Perea suffered swollen face, broken jaw, head trauma as well as humiliation and mental anguish, emotional trauma and panic attacks.

29. Plaintiff Perea now files this complaint civil suit against the above named defendants for their deliberate indifference to harm Plaintiff throughout the above mentioned period.

30. Plaintiff Perea has no plain adequate or completed remedy at law to redress wrong described herein.

31. Plaintiff Perea is entitled to punitive damages against Sgt Clemons and Captain S. Smith.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

The Plaintiff asserts that the Defendants showed deliberate indifference to the established policies and procedures and violated his Eight Amendment right against cruel and unusual punishment, and employed excessive force causing great (serious) bodily harm and permanent disfigurement.

Statement of Claims continued in page 7A (See Attached)

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

1. Compensatory damages in the amount of $300,000 against defendants S. Smith and K. Clemons jointly and severally. Plaintiff also seeks punitive damages in the amount of $2,500,000 against all defendants sued individually. Attorney fees pursuant to 42 U.S.C $1988 and cost of litigation.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

V. Statement of Claims.
  (Continued from page 7) 7A

1. Plaintiff Alain David Perea brings this lawsuit under 42 U.S.C §1983, against Captain S. Smith, in her individual capacity, for her failure to protect Plaintiff Perea from (Sgt) K. Clemons physical assault on March 14 2021. In the matter to cause great bodily harm, head trauma, concussions to face, ribs, back, broken jaw. Maliciously and sadistically Captain S. Smith allowed Plaintiff to be assaulted by (Sgt) K. Clemons on March 14, 2021 for the very purpose to cause harm to Plaintiff. Defendants actions are prohibited by the Eight Amendment of The United States Constitution.
   * Under video evidence assault took place *

2. Plaintiff Alain David Perea brings this lawsuit under 42 U.S.C 1983 against (Sgt) K. Clemons in his individual capacity for his excessive use of force, physical assault on Plaintiff Perea on March 14, 2021. In the matter to cause great bodily harm, head trauma, concussions to face, ribs, back broken jaw maliciously and sadistically (Sgt) K. Clemons punched and kicked Plaintiff on March 14 2021 for the very purpose to cause harm to Plaintiff. Defendants actions are prohibited by the Eight Amendment of The United States Constitution.

3. The Florida Department of Corrections requires the care custody and control of an inmate, under their supervision by an "Employee" 100% of the time.
      Florida Administrative Code 33.208.001

V. Statement of Claims
   (Continued from page 7) 7A1

4. A supervisor may be liable under $1983 for their actions if they exhibit deliberate indifference to an inmate's safety. Deliberate indifference exists where there is a substantial risk of serious harm to an inmate and the prison official knows of the risk and witnesses and attack and disregards it by failing to take steps to prevent harm to the inmate. Captain S. Smith watched Plaintiff be assaulted on March 14, 2021 and did nothing to stop (Sgt) K. Clemons.

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES   ☑ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:_____Case #: _____N/A_____

   Court: _____

   Reason: _____

2. Date:_____Case #: _____N/A_____

   Court: _____

   Reason: _____

3. Date:_____Case #: _____N/A_____

   Court: _____

   Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☐ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____N/A_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____N/A_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

***state or federal court*** either challenging your conviction or  relating to

the conditions of your confinement?.

☐ YES   ☑ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #:____*N/A*____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:____*N/A*____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #:____*N/A*____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #:____*N/A*____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #:____*N/A*____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____*N/A*_____ Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there

   is any change to my mailing address and that my failure to do so may result

   in a dismissal of the action.

Date: _5-16-23_ Plaintiff's Signature: _Alereah_

Printed Name of Plaintiff: _Alain David Perea_

Correctional Institution: _Apalachee Correctional Institution_

Address: _35 Apalachee Drive Sneads Florida 32460_

_____

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

**the prison's mail system for mailing on the_____day of _May_, 20_23_.**

Signature of Incarcerated Plaintiff: _Alereah_

US POSTA

ZIP 32460
02 4W
0000366590

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

MAY 2 2 2023

United States District Court.
1 N. Palafox Street Pensacola, Florida
32502.

Alain D. Perea  DC # M-93551
Apalachee Correctional Institution
35 Apalachee Drive Sneads Florida 32460