UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALAIN DAVID PEREA,

    Plaintiff,

v.                                               Case No. 5:22-cv-156-TKW-MJF

S. SMITH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Alain David Perea, a Florida prisoner proceeding *pro se*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. Doc. 22. The undersigned recommends that Perea's claims against the four undescribed, unnamed Defendants be dismissed for failure to state a claim upon which relief can be granted, and that this case be remanded to the undersigned for further proceedings on Perea's claims against the remaining two Defendants (Captain S. Smith and Sergeant K. Clemons).[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. THE ALLEGATIONS OF PEREA'S THIRD AMENDED COMPLAINT

Perea is an inmate of the Florida Department of Corrections currently confined at the Apalachee Correctional Institution. Doc. 22 at 2. Perea is suing six prison officials at Apalachee CI: Captain S. Smith, Sergeant K. Clemons and "Unidentified Officers 1-4." *Id*. at 2-3. The Defendants are sued in their individual capacities. *Id*.

Perea's third amended complaint alleges that on March 14, 2021, Clemons viciously attacked and beat Perea for no penological purpose. Doc. 22 at 5-8. Perea alleges that Smith ordered the attack and watched Clemons beat Perea. *Id*. As a result of the beating, Perea sustained physical injuries (a broken jaw, head trauma, a swollen face and "conccusions [sic] to face, ribs, back") as well as mental and emotional injuries. *Id*. at 8, 11. Perea was transferred to the Reception and Medical Center for medical treatment. *Id*. at 8.

Based on the foregoing allegations, Perea claims that Smith and Clemons violated his rights under the Eighth Amendment. Doc. 22 at 9, 11-12. As relief, Perea seeks compensatory and punitive damages. *Id*. at 9.

## II. THE STANDARD OF REVIEW UNDER 28 U.S.C. § 1915A

Because Perea is a prisoner, the court is required to review his third amended complaint, identify cognizable claims and dismiss the complaint, or any portion

thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### III. PEREA'S ALLEGATIONS FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST "UNIDENTIFIED OFFICERS 1-4"

Perea's claims against Defendants "Unidentified Officers 1-4" should be dismissed, because the third amended complaint does not attribute any acts or omissions to them. The complaint mentions none of these officers at all outside of the caption. Perea's complaint can support only Smith's and Clemons's individual liability, if anyone's. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (dismissing prisoner's Eighth-Amendment claims against two prison officials because the complaint alleged no facts describing how either was deliberately indifferent to the prisoner's health or safety (citing *Farrow v. West*, 320 F.3d 1235, 1245-46 (11th Cir. 2003)); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissing prisoner's Eighth-Amendment claims against three prison officials because the complaint failed to allege facts that associated any of those defendants with the alleged constitutional violation); *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Because Perea's third amended complaint fails to state a facially plausible claim for relief against "Unidentified Officers 1-4," his claims against these Defendants should be dismissed. *See* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1234, at 381-85 (3d ed. 2004) ("[A] complaint will be held

defective . . . if [it] fails to connect the defendant with the alleged wrong."); *see also, e.g., Chambers v. Pounds*, No. 21-11264, 2023 WL 2232062, at *3 (11th Cir. Feb. 27, 2023) (dismissing prisoner's claims against two defendants because the complaint did not attribute any acts or omissions to them).[2]

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claims against Defendants "Unidentified Officers 1-4" be **DISMISSED** under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief can be granted.

2. The clerk of court be directed to terminate Defendants "Unidentified Officers 1-4" as parties in CM/ECF.

3. This case be returned to the undersigned for further proceedings on Plaintiff's individual-capacity Eighth-Amendment claims against Defendants Captain S. Smith and Sergeant K. Clemons.

At Panama City, Florida, this <u>2nd</u> day of June, 2023.

---

[2] The undersigned emphasizes that this recommendation of dismissal of the four "Unidentified Officers" is not based on Perea's failure to identify them with sufficient particularity, but because the third amended complaint does not explain how they were involved in Clemons's assault.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**