**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

ALAIN DAVID PEREA,

Plaintiff,

CASE NO.: 5:22-CV-156-TKW-MJF

vs.

SHERNEKA SMITH AND KELVIN CLEMONS,

Defendants.
________________________________/

**DEFENDANTS', SHERNEKA SMITH AND KELVIN CLEMONS, MOTON TO DISMISS WITH PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Pursuant to Federal Rule of Civil Procedure 43(c) and 42 U.S.C. § 1997e(a), Defendants SHERNEKA SMITH and KELVIN CLEMONS ("Defendants") move to dismiss Plaintiff's Third Amended Complaint, with prejudice, for failure to exhaust his administrative remedies and states:

1. Plaintiff, ALAIN DAVID PEREA ("Plaintiff" or "Perea"), is an inmate in the legal custody of the Florida Department of Corrections and was an inmate at all times relevant to this action. [ECF Doc. 22 (Third Amended Complaint), ¶ I A].

2. Perea sued Defendants, as well as several unnamed officers employed at the Apalachee Correctional Institute, under 42 U.S.C. § 1983 for deliberate

indifference in violation of the Eighth Amendment to the United States Constitution. [ECF Doc. 22 (Third Amended Complaint), ¶ V A-B]. Specifically, Perea claims Defendants allegedly organized an assault and battery on him that caused him bodily harm, emotional distress, and permanent disfigurement. [ECF Doc. 22 (Third Amended Complaint), ¶ IV 1-31].

3.   Perea alleges Defendants were deliberately indifferent in failing to protect him from the battery and in failing to provide adequate medical care afterwards. [Third Amended Complaint, generally]. Perea contends that this treatment violated his rights under the Eighth Amendment. [ECF Doc. 22 (Third Amended Complaint), ¶ V A-B].

4.   Perea's claims are barred as a matter of law under the Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. § 1997e(a), due to his failure to exhaust available administrative remedies. In light of this failure, Defendants respectfully request the Court dismiss Perea's complaint with prejudice.

**WHEREFORE**, Defendants request the entry of an Order dismissing this case, with prejudice, and for all such other relief as the Court deems necessary and proper.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
227 NORTH BRONOUGH STREET, SUITE 7400, TALLAHASSEE, FLORIDA 32301◆TEL: (850) 412-1042

**MEMORANDUM OF LAW**

In accordance with Local Rule 7.1(A), N.D. Fla., Defendants offer the following Memorandum of Law in support of its Motion to Dismiss.

## I. Standard Motions to Dismiss under the PLRA.

In this Circuit, defendants may raise the affirmative defense of an inmate's failure to exhaust administrative remedies in a motion to dismiss. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). Deciding such a motion is a two-step inquiry. *Id.* (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)).

This Court should compare the factual allegations in the motion to dismiss and those in the prisoner's response and, where there is a conflict, accept the prisoner's view of the facts as true. "The court should dismiss [the case] if the facts as stated by the prisoner show a failure to exhaust." *Whatley* at 1209. Second, if dismissal is not warranted at the first stage, the Court should make specific findings to resolve disputes of fact, "and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.*

Thus, factual disputes concerning the exhaustion of administrative remedies should be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). Even though evidence

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
227 NORTH BRONOUGH STREET, SUITE 7400, TALLAHASSEE, FLORIDA 32301◆TEL: (850) 412-1042

may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion. *Id.* at 1374–75.[1]

## II. <u>The PLRA's Exhaustion Requirements</u>.

The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Bracero v. Sec'y, Florida Dep't of Corr.*, 748 Fed. Appx. 200, 201 (11th Cir. 2018) ("The PLRA requires prisoners who wish to challenge some aspect of prison life to exhaust all available administrative remedies before resorting to the courts."); *Porter v. Nussle*, 534 U.S. 516, 524–25, (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

---

[1] When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Bryant*, 530 F.3d at 1377, n. 16.

"Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court." *Bracero* at 201. *See also Mason v. Bridger*, 261 Fed. Appx. 225, 228 (11th Cir. 2008) (holding that "courts do not have the discretion to waive the § 1997e(a) requirement."); *Johnson v. Meadows*, 418 F.3d 1152, 1155 -1156 (11th Cir. 2005) ("[The Act] entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'"). "Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both." *Small v. Barton*, 2008 WL 5055657 (N.D. Fla. 2008) (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)). The exhaustion requirement is not subject to waiver by a court for futility or inadequacy exceptions. *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998). The failure to exhaust administrative remedies requires that the action be dismissed." *Bracero* at 201.

To satisfy the PLRA's exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures established by the prison. *Bracero at 201*; *Johnson*, 418 F.3d at 1156. Thus, "[t]he PLRA requires 'proper exhaustion' that complies with the 'critical procedural rules' governing the grievance process." *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015).

To properly exhaust all remedies, the prisoner must "take each step within the administrative process" and "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)). Procedurally defective grievances or appeals to properly filed grievance rejections are not adequate to exhaust. *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). "Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal form without exhausting administrative remedies." *Johnson* at 1157 (quoting *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995)). "The time the [PLRA] sets for determining whether exhaustion of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied." *Goebert v. Lee Cnty.*, 510 F.3d 1213, 1324 (11th Cir. 2007).

A plaintiff cannot fail to exhaust administrative remedies when those administrative remedies are not "available" to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). One scenario where administrative remedies may not be "available" is when officials devise grievance procedural systems in order to "trip up all but the most skillful prisoners" *Id*. at 1860. One scenario is misrepresentations into how the grievance process works. *See id*. (citing *Davis v. Fernandez*, 798 F.3d

290, 295 (5th Cir. 2015) ("Grievance procedures are unavailable ... if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process")). The Supreme Court has not stated that misrepresentations as to the actual issue or dispute being grieved can make the grievance process "unavailable." *See id.* Instead, what can make the grievance process unavailable are misrepresentations as to the grievance process itself. "[A] court may not excuse a failure to exhaust," even when taking "special circumstances" into account. *Id*.

Whether the list of reasons a grievance process can be "unavailable" may be extended must be considered in harmony with existing case law. Under *Harper v. Jenkin*, a plaintiff must file a grievance to exhaust his administrative remedies, even if the grievance would be out of time. 179 F.3d 1311, 1312 (11th Cir. 1999). In *Cooper v. Anh Duong*, a plaintiff failed to file the correct appeal allegedly because of his medical condition and his transfer between institutions. *Cooper v. Anh Duong*, Case No. 1:07cv00114, 2010 WL 5872403, *5-6 (N.D. Fla. Nov. 1, 2010). The Northern District of Florida held that the plaintiff could have filed an out-of-time appeal and explained the reasons why he missed the deadline. *Id.* (citing *Harper v. Jenkin* and *Guarino v. Hernandez*, Case No. 07-22498-civ, 2008 WL 45404017 (S. D. Fla. Oct. 9, 2008)). Permitting a plaintiff to avoid exhausting remedies because he was unaware of the subject matter does not harmonize with *Harper v. Jenkin*,

because, once a plaintiff knows of the issue, even if the grievance would be late, the plaintiff must nevertheless file a grievance and/or appeal. Permitting a plaintiff to avoid filing a grievance or appeal because he did not know of the issue contradicts with *Harper v. Jenkin*, which requires an inmate to file a grievance, if that grievance would be out of time. Rule 33-103.011(2) permits extensions to the filing and appeal deadlines if :

> it is clearly demonstrated by the inmate to the satisfaction of the reviewing authority as defined in paragraphs 33-103.002(15)(b) and (c), F.A.C., or the Secretary that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner.

## III. Exhaustion Requirements for Florida Prisoners.

In Florida, the procedural rules an inmate must follow in order to properly exhaust administrative remedies are contained within Florida Administrative Code Chapter 33-103 ("Inmate Grievances").[2]

Chapter 33-103 requires inmates to first file an informal grievance with a designated prison staff member. [Rule 33–103.005]. If the inmate is dissatisfied with the result, they must next file a formal grievance with the Warden's office. [Rule 33–103.006]. Finally, if the inmate remains dissatisfied with the result for any reason,

[2] Apalachee Correctional Institute has fully adopted the grievance procedures defined by the Florida Administrative Code, Chapter 33-103.

they may submit a written appeal to the State Office of the Secretary ("Central Office"). [Rule 33–103.007]. *See generally Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

The procedures provide inmates with a streamlined process for filing "grievance of medical nature." Inmates with medical grievance may bypass the informal grievance step and begin at the second step with a formal grievance at the institutional level. Rules 33–103.006(3)(e), and 33–103.008.[3] Thus, the procedures make administrative remedies available to inmates with "medical" complaints.

"[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "If their initial grievance is denied, prisoners must then timely file appeal." *Bryant*, 530 F.3d at 1378.

The procedures also establish time frames for the filing of grievances, responses, and appeals. Pursuant to Rule 33-103.011 ("Time Frames for Inmate Grievances"), formal grievances—including direct formal grievances of a medical nature—must be received "no later than 15 calendar days" from either: (1) the date on which the informal grievance was responded to; or (2) the date on which the

---

[3] An inmate may initiate a grievance directly with the Office of the Secretary in cases of emergencies, reprisals, HIPAA violations, and other limited situations defined by Rule 33.103.007(6), which do not apply to this case.

incident or action being grieved occurred if an informal grievance was not filed. [Rule 33-103.011(1)(a), and (b)].

If a response to a formal grievance is *not* made within 20-days, the inmate is entitled "to proceed to the next step of the grievance process" as if the grievance was denied. Rules 33-103.011(3)(b), and (4). All grievance appeals to the Office of the Secretary "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Rule 33-103.011(1)(c).

## IV. <u>Plaintiff failed to exhaust his administrative remedies.</u>

In this case, Perea complains that Defendants were deliberately indifferent and violated his Eighth Amendment rights on March 14, 2021, causing damages that allegedly amount to permanent disfigurement and emotional distress. [ECF Doc. 22 (Third Amended Complaint, generally)]. Because Perea did not fully advance the grievance procedure by appealing the denial of his grievances to the Office of the Secretary, he has not exhausted administrative remedies, as required by the PLRA.

Perea filed two grievances regarding the alleged mistreatment on March 24, 2021, directly to the Office of the Warden at Apalachee Correctional Institute. [Exhibit A]. These grievances were approved (not substantiated) and sent to the Office of Inspector General for further review on March 25, 2021. [Exhibit A]. The Office of Inspector General forwarded these grievances to the Use of Force Unit, who made the determination that any use of force against Perea was an appropriate

use. [Exhibit B]. This determination is where the paper trail ends regarding Perea's grievances; Perea never appealed these grievances or related findings to the Office of the Secretary within 15 days, as required by Rule 33-103.011(1)(c), or at all for that matter. Additionally, Perea received an orientation regarding the grievance procedure, among other such orientations, when he was transferred to Apalachee Correctional Institute. [Exhibit C]. Perea has filed no appeals for any incident for which he has filed a grievance. [Exhibit D]. In short, the alleged mistreatment by the Defendants was not important enough to him to file an appeal to the Office of the Secretary. Perea knew how to file an appeal but did not bother to do it.

There is also no evidence the grievance process was "unavailable." *See Pavao v. Sims*, 679 F. App'x 819, 825-26 (11th Cir. 2017) (finding that Florida's prison grievance process, including the final appeal to the Office of the Secretary is not "unavailable"); *Dunn v. Richards*, Case No. 5:18cv12, 2019 WL 7756148, *4-5 (N.D. Fla. Dec. 31, 2019) (finding that FDOC's grievance procedures were not "unavailable" to prisoner), *magistrate report adopted by* 2020 WL 423392 (N.D. Fla. Jan. 27, 2020).

Even if an inmate contends the grievance process would have been futile or inadequate, that inmate must still exhaust the administrative process. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *see also Phillips v. Governor, State of Ga.*, Case No. 17-12501, 2017 WL 9513011, *8 (11th Cir. Dec.

13, 2017) ("Exhaustion is *mandatory*, even if the prisoner believes that the process is futile or inadequate.") "[T]he exhaustion requirement cannot be waived upon a prisoner's belief that pursuing administrative procedures would be futile." *Higginbottom*, 223 F.3d at 1261. "The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate." *Wimberly v. Nw. Fla. Reception Ctr.*, Case No. 5:10cv301, 2011 WL 318044, *3 (N.D. Fla. Jan. 4, 2011).

Perea's Third Amended Complaint contains a provision that states:

> "The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** ***If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*** If the case is dismissed for failute to exhaust for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action."

[ECF Doc. 22 (Third Amended Complaint), ¶ VII]. Plaintiff has not successfully, nor attempted to, explain any basis for his failure to appeal his grievances to the Office of the Secretary.

This Court is not required to construe any self-serving allegation as true or view the evidence in the light most favorable to Perea. Rather, the Court must "make specific findings in order to resolve the disputed factual issues related to exhaustion" and "[u]pon making findings on the disputed issues of fact . . . decide[] whether,

under those findings, the plaintiff has exhausted his available administrative remedies." *San Antonio v. Henry,* No. 3:13cv528/RV/CJK, 2014 WL 28797, at *4 (N.D. Fla. Jan. 2, 2014).

Most importantly, the question is not whether Perea filed grievances in the first place, but whether he completed the grievance process itself. If Perea's grievances were ignored, or he otherwise did not receive an acceptable response within 20-days, he was not merely entitled to file an appeal but was required to do so. *See* Rule 33-103.011(4) (providing that "[the] expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process.").

Perea may argue that he has been obstructed by either Apalachee Correctional Institute, the Office of Inspector General, or even the Department of Corrections itself, in an effort to save his claim. However, the scope of the incompetence or corruption implied by this hypothetical allegation is not supportable without compelling corroborative evidence. Thus, Perea would essentially be asking this Court to find that not only did he timely appeal one or both of his grievances, but those responses to his timely appeals were both lost and destroyed, or that his complaints about untimely responses were lost and destroyed. Further, Plaintiff has offered no supporting allegations in his Third Amended Complaint to bolster his

contention that he fully grieved the issue or that the grievance procedure was unavailable to him. [ECF Doc. 22 (Third Amended Complaint, generally)].

To find that such an extensive plot against Perea exists would require much more evidence than has been offered on the record to-date. Holding to the principle of parsimony, it appears that Perea simply did not exhaust the administrative remedies available to him. Again, Perea certified that he had received an orientation on the inmate grievance procedure at his correctional institution. [Exhibit C].

## V. Conclusion.

Because Perea failed to exhaust his administrative remedies as required by the PLRA, Defendants respectfully request his case be dismissed.

Respectfully submitted this 13th of November 2023.

**QUINTAIROS, PRIETO, WOOD & BOYER, P. A.**

/s/*Joseph T. McGehee*
**JOHN S. DERR (FBN: 0359025)**
**JOSEPH T. McGEHEE (FBN: 1044335)**
227 North Bronough Street, Suite 7400
Tallahassee, Florida 32301
Telephone: 850-412-1042
Facsimile: 850-412-1043
E-mail: jderr@qpwblaw.com
E-mail: joseph.mcgehee@qpwblaw.com
E-mail: gail.clark@qpwblaw.com
E-mail: myra.mitchell@qpwblaw.com
*Attorneys for Defendants*

MIU

**EXHIBIT A**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

RMC - West Unit

Mail Number:
Team Number:
Institution:

TO: (Check One)
☐ Warden ☒ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perea, Alain | M-93551 | B-2127S | | 3-24-21 |

**REQUEST** Check here if this is an informal grievance ☑

I am personally writing this to inform you of an aggravated

[redacted]

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: M-93551

RECEIVED 3/25/2021 KT RECEPTION & MEDICAL CENTER WEST UNIT

DO NOT WRITE BELOW THIS LINE

104-208-2103-0065

**RESPONSE** DATE RECEIVED:

Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your grievance approved from that standpoint. This does not constitute substantiation of your allegations.

[The following pertains to informal grievances only:

Based on the above information, your grievance is approved. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): K Taylor Official (Signature): [signature] Date: 3/25/21

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

4/9

Incorporated by Reference in Rule 33-103.005, F.A.C.

**EXHIBIT A**

parents, and family members are deeply concern with my safety and with any retaliation against my person as well as me returning to ACI so they have sought legal help from different lawyers. Remedy Sought: your assistance gathering any medical records, incident reports and/or video footage relating to this incident.

Location: Apalachee C I.

Dormitory: O2

Inmate Info: Alain Perea - M-93551

Chemical Agents used, several unknown officers.

Date of incident: 3-14-21

[signature] M-93551

208-2103-0065

M/L **EXHIBIT A**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Colonel Ms: Lewis Apalachee C I

Mail Number:
Team Number:
Institution:

TO: (Check One) ☐ Warden ☐ Asst. Warden ☐ Classification ☒ Security ☐ Medical ☐ Mental Health ☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perez Alain | M-93551 | B-2127S | | 3-24-21 |

**REQUEST** Check here if this is an informal grievance ☑

I am personally writing this to inform you as chief head of security at Apalachee Correctional Institution that on this date 3-14-21 I was [redacted]

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): APerez DC#: M-93551

RECEIVED 3/25/2021 KT RECEPTION & MEDICAL CENTER WEST UNIT

OH 208-2103-0066

DO NOT WRITE BELOW THIS LINE

**RESPONSE** DATE RECEIVED:

Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary ~~action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been~~ initiated, you may consider your grievance approved from that standpoint. This does not constitute substantiation of your allegations.

[The following pertains to informal grievances only:

Based on the above information, your grievance is approved. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): KTaylor Official (Signature): KT Date: 3/25/21

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

very concerned with any retaliation against my person. They have sought the legal help necessary for this incident.

Remedy sought: I need copies of the incident report for this date 3-14-21, and for the video footage inside D2 dormitory. Also I demand for these officers involved in the incident to take remedial training such as crisis intervention training which teaches officers to deal with situations involving ████████████████.

M-93551

208.2103-0006

**EXHIBIT B**

## Joseph T. McGehee

**From:** McManus, Alan <Alan.McManus@fdc.myflorida.com>
**Sent:** Monday, November 13, 2023 11:26 AM
**To:** Joseph T. McGehee
**Subject:** Perea Case DC# M93551

Joe,
I finally found the person to inform me about the conclusion of this case. The allegations were sent to the Use of Force Unit who reviewed and determined the following:

The use of force was reviewed by the IG Use of Force Unit and approved (as an appropriate use of force).

Alan

Alan McManus
Bureau Chief
Policy Management and Inmate Appeals
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
850-717-3583

***Inspiring Success by Transforming One Life at a Time***

Respect ★ Integrity ★ Courage ★ Selfless Service ★ Compassion

**CONFIDENTIALITY & PUBLIC RECORDS NOTICE: This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error, please contact the sender by phone and destroy the original and all copies. Please be aware that the State of Florida has a broad public records law and that any correspondence sent to this email address may be subject to public disclosure.**

**EXHIBIT C**

**Florida Department of Corrections**

**Acknowledgement of Receipt of Orientation**
**(Permanent Facilities)**

Facility: Apalachee Correctional Inst.

For the Record:

My signature below certifies that I have received orientation from staff members of the Florida Department of Corrections concerning information specific to this facility. I understand it is my responsibility to stay abreast of any changes or updates that may take place during my incarceration as to the Rules and Regulations of the Department.

I understand that if I have any questions, it is my responsibility to seek an appointment with a Department of Corrections staff member in an effort to resolve any misunderstanding(s).

Date: ____ / ____ / ____
Month Day Year

Team #: ____________

DC #: ____________

Inmate Name: ____________________ (Printed or typed) ____________________ (Inmate Signature)

Staff Witness: Sgt. S. Varn (Printed or typed) ____________________ (Staff Signature)

DC6-134B (Revised 10/29/15)

EXHIBIT C

Florida Department of Corrections

**Acknowledgement of Receipt of Orientation on The Prison Rape Elimination Act (PREA) of 2003**

Facility: Apalachee Correctional Inst

For the Record:

My signature below certifies that in addition to a general comprehensive orientation, I have received orientation from staff members of the Florida Department of Corrections specific to the PREA. I have been provided information orally and in writing, including:

- An explanation of the PREA;
- The Department of Corrections' zero-tolerance policy on sexual abuse/assault;
- Avoiding/Preventing sexual abuse/assault;
- An explanation of appropriate methods of intervention;
- An explanation of appropriate methods of self-protection;
- Information on reporting sexual abuse/assault; and
- Instructions on the process to request treatment and counseling.

I understand it is my responsibility to stay abreast of any changes or updates concerning the PREA and/or the Department of Corrections' policies pertaining to the PREA.

I understand that if I have any questions, it is my responsibility to seek an appointment with a Department of Corrections staff member in an effort to resolve any misunderstanding(s).

Date: ____/____/____
Month Day Year

Team #: __________

DC #: __________

Inmate Name: ____________________ (Printed or typed) ____________________ (Inmate Signature)

Staff Witness: S. Varn Sgt (Printed or typed) [signature] Sgt (Staff Signature)

DC6-134C (Revised 10/29/15)

**EXHIBIT C**

**STATE OF FLORIDA**

**DEPARTMENT OF CORRECTIONS**

**ACKNOWLEDGEMENT OF RECEIPT OF GRIEVANCE ORIENTATION**

FOR THE RECORD:

MY SIGNATURE BELOW CERTIFIES THAT I HAVE THIS DATE ____________ RECEIVED AN ORIENTATION ON INMATE GRIEVANCE PROCEDURE FROM A STAFF MEMBER OF THE DEPARTMENT OF CORRECTIONS.

| (LOCATION) | (NUMBER) | (PRINTED INMATE NAME) |
|---|---|---|

(INMATE SIGNATURE)

DC1-307 (10-00) Incorporated by Reference in Rule 33-103.003, F. A. C.

**EXHIBIT D**

## Joseph T. McGehee

**From:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>
**Sent:** Friday, October 13, 2023 3:55 PM
**To:** Joseph T. McGehee
**Subject:** RE: I/M Perea, Alain

Good Afternoon,
I have looked on the Appeals page and there were none available. You might have to get in touch with someone at Central Office to see if they have had any appeals.

Thank you,

**Michele Hartsfield**
*Senior Clerk*
*Apalachee Correctional Institution*
*35 Apalachee Drive*
*Sneads, FL 32460*
*Office: (850)593-9504*

***Inspiring Success by Transforming One Life at a Time***

Respect ★ Integrity ★ Courage ★ Selfless Service ★ Compassion

**CONFIDENTIALITY & PUBLIC RECORDS NOTICE: This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error, please contact the sender by phone and destroy the original and all copies. Please be aware that the State of Florida has a broad public records law and that any correspondence sent to this email address may be subject to public disclosure.**

---

**From:** Joseph T. McGehee <joseph.mcgehee@qpwblaw.com>
**Sent:** Friday, October 13, 2023 8:33 AM
**To:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>
**Cc:** Cea, Christian <Christian.Cea@fdc.myflorida.com>
**Subject:** RE: I/M Perea, Alain

Hi Ms. Hartsfield. Thanks again for this! Are there any appeals records for anything lodged by Mr. Perea?

**EXHIBIT D**

**Joseph T. McGehee** | **Attorney**
**Quintairos, Prieto, Wood & Boyer, P.A.**
227 North Bronough Street, Suite 7400, Tallahassee, FL 32301
Ph: (850) 412-1042 x7034 Fax: (850) 412-1043
Email: joseph.mcgehee@qpwblaw.com Web: www.qpwblaw.com

Arizona ◆ California ◆ Colorado ◆ Connecticut ◆ Florida ◆ Georgia ◆ Illinois ◆ Indiana ◆ Kentucky ◆ Louisiana ◆ Maryland
Massachusetts ◆ Michigan ◆ Mississippi ◆ Nevada ◆ New Jersey ◆ New York ◆ Rhode Island ◆ Tennessee ◆ Texas ◆ USVI

---

**From:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>
**Sent:** Thursday, October 12, 2023 4:35 PM
**To:** Joseph T. McGehee <joseph.mcgehee@qpwblaw.com>
**Cc:** Cea, Christian <Christian.Cea@fdc.myflorida.com>
**Subject:** FW: I/M Perea, Alain

Good afternoon,

Please find attached the requested grievances for Inmate Perea, Alain, DC# M93551.

Thank you,

**Michele Hartsfield**
*Senior Clerk*
*Apalachee Correctional Institution*
*35 Apalachee Drive*
*Sneads, FL 32460*
*Office: (850)593-9504*

***Inspiring Success by Transforming One Life at a Time***

Respect ★ Integrity ★ Courage ★ Selfless Service ★ Compassion

**CONFIDENTIALITY & PUBLIC RECORDS NOTICE: This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error, please contact the sender by phone and destroy the original and all copies. Please be aware that the State of Florida has a broad public records law and that any correspondence sent to this email address may be subject to public disclosure.**

---

**From:** Ontiveros, Maile <Maile.Ontiveros@fdc.myflorida.com>
**Sent:** Thursday, October 12, 2023 3:57 PM
**To:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>; Lipford, Heather

**EXHIBIT D**

<Heather.Lipford@fdc.myflorida.com>
**Subject:** RE: I/M Perea, Alain

Ms. Hartsfield,

Thank you for responding, but can you please reply to Mr. McGehee?

Thank you,
Maile Ontiveros
Human Resource Consultant
Apalachee Correctional Institution
Florida Department of Corrections
5563 10th Street
Malone, Florida 32445
Direct: 850-593-9524
Fax: 850-593-6445

***Inspiring Success by Transforming One Life at a Time***

Respect ★ Integrity ★ Courage ★ Selfless Service ★ Compassion

**CONFIDENTIALITY & PUBLIC RECORDS NOTICE: This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error, please contact the sender by phone and destroy the original and all copies. Please be aware that the State of Florida has a broad public records law and that any correspondence sent to this email address may be subject to public disclosure.**

---

**From:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>
**Sent:** Thursday, October 12, 2023 3:53 PM
**To:** Lipford, Heather <Heather.Lipford@fdc.myflorida.com>
**Cc:** Ontiveros, Maile <Maile.Ontiveros@fdc.myflorida.com>
**Subject:** RE: I/M Perea, Alain

Yes ma'am

---

**From:** Lipford, Heather <Heather.Lipford@fdc.myflorida.com>
**Sent:** Thursday, October 12, 2023 3:48 PM
**To:** Hartsfield, Michele <Michele.Hartsfield@fdc.myflorida.com>
**Cc:** Ontiveros, Maile <Maile.Ontiveros@fdc.myflorida.com>
**Subject:** I/M Perea, Alain

Good Afternoon,
Can you please provide a copy of any grievance that inmate Perea, Alain DC# M93551 filed?

**Thank You,**

**EXHIBIT D**

**Heather Lipford**
Human Resource Specialist
Apalachee Correctional Institution
35 Apalachee Drive
Sneads, FL 32460
Office: 850-718-0097
Fax: 850-593-6445

***Inspiring Success by Transforming One Life at a Time***

Respect ★ Integrity ★ Courage ★ Selfless Service ★ Compassion

**CONFIDENTIALITY & PUBLIC RECORDS NOTICE: This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error, please contact the sender by phone and destroy the original and all copies. Please be aware that the State of Florida has a broad public records law and that any correspondence sent to this email address may be subject to public disclosure.**

## LOCAL RULE 7.1 CERTIFICATE

I certify that this memorandum contains 3,203 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*s/ Joseph T. McGehee*
ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via Florida E-Portal, on this 13th day of November 2023, to:

Alain David Perea
#M93551
Florida State Prison
P.O. Box 800
Raiford, Florida 32083
***PRO SE***

/s/*Joseph T. McGehee*
ATTORNEY

15
QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
227 NORTH BRONOUGH STREET, SUITE 7400, TALLAHASSEE, FLORIDA 32301◆TEL: (850) 412-1042