Legal Mail
Provided to Florida State Prison on
12/15/23 for mailing by ___ AP ___

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

ALAIN DAVID PEREA,

   Plaintiff,

     VS.          Case No.: 5:22-CV-156-TKW-MJF

SHERNEKA SMITH,

KELVIN CLEMONS,

   Defendants.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

   COMES NOW, Plaintiff, Alain David Perea, pro se, pursuant to Fed. R. Civ. P. 7, 8, & 12 of the Federal Rules of Court, & hereby respectfully files with the Honorable Court the response to defendant's motion to dismiss for failure to exhaust administrative remedies. In support thereof, Plaintiff factually states as follows:

STATEMENT OF THE CASE & FACTS

   1. Plaintiff, Alain David Perea ("Plaintiff"), is an inmate in the legal custody & control of the Florida Department of Corrections ("FDOC"), by & through Florida State Prison ("FSP"), & was an inmate at all times relevent to this action. [ECF Doc. 22 (Third Amended Complaint), ¶ I A].

FILED USDC FLND PN
DEC 15 '23 AM10:00

2. Plaintiff sued Defendants, as well as several unnamed officers employed at the Apalachee Correctional Institution ("ACI"), under Title 42 U.S.C. § 1983 for, but not limited to, deliberate indifference in violation of the Eighth Amendment to the United States Constitution. [ECF Doc. 22 (Third Amended Complaint), ¶ V A-B]. Specifically, Plaintiff claims Defendants factually organized an excessive use of force, by & through aggravated assault & battery, on him that caused him severe bodily harm, emotional distress, & permanent disfigurement. [ECF Doc. 22 (Third Amended Complaint), ¶ IV 1-31].

3. Plaintiff factually contends Defendants were deliberately indifferent in failing to protect him from the severe aggravated assault & battery, along in failing to provide adequate medical care afterwards. [Third Amended Complaint, generally]. Plaintiff factually states that this mistreatment violated his rights under the Eighth Amendment. [ECF Doc. 22 (Third Amended Complaint), ¶ V A-B].

4. Plaintiff factually exhausted all of his **"available"** FDOC administrative remedies as to the Defendants, as established by decided law. See, e.g., but not limited to, Bolton v. United States, 347 F. Supp. 2d 1218, 1220 (N.D. Fla. 2004)(holding a prisoner exhausted when she complained informally, the first step of the Federal Bureau of Prisons remedy, and the offending officer resigned when confronted; "When a prisoner wins in the administrative process, he or she need not continue to appeal the favorable ruling."); Henderson v. Bettus, 2008 WL 899251, *4 (M.D. Fla., Mar. 31, 2008)(holding favorable decision completed exhaustion where policy did not require appealing a grievance that was satisfactorily resolved). See also, generally, Fla. Admin. Code R. 38-103.016 (1-2) of the Follow Through on Approved Grievances rule.

**WHEREFORE**, Plaintiff prays the Honorable Court enter an order denying the Defendant's motion to dismiss the Plaintiff's Third Amended Complaint for failure to exhaust administrative remedies, and any additional relief [1] this Court deems just, proper, & equitable under the administration of justice.

## MEMORANDUM OF LAW

In accordance with N.D. Fla. Loc. R. 5.71(E), Plaintiff hereby files his response in opposition to Defendant's motion to dismiss for failure to exhaust administrative remedies.

### A. Plaintiff Exhausted "Available" Administrative Remedies Under the Clearly Established Law Standard for Florida Prisoners on "Approved" Grievances. —

The Prison Litigation Reform Act ("PLRA") states in pertinent part "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are **available** are exhausted." Title 42 U.S.C. § 1997e(a) (bold supplied for emphasis).

---

[1] Pursuant to Fed. R. Civ. P. 11 & 37, sanction relief against the Defendant's undersigned Counsel for filing a frivolous motion to dismiss when the law is clearly established regarding "approved" grievances.

To satisfy the PLRA's exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures established by the prison. Bracero v. Sec'y, Florida Dep't of Corrs., 748 Fed. App'x 200, 201 (11th Cir. 2018). Inasmuch, "[+]he PLRA requires 'proper exhaustion' that complies with the **'critical procedural rules'** governing the grievance process." Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015) (bold type for emphasis).

The 'critical procedural rule(s)' governing "**approved grievances**" at any stage in the administrative grievance process is as follows:

"**Follow Through on Approved Grievances.** (1) Formal Grievance - Institution or Facility Level. All formal grievances that are approved at the institution or facility level shall be handled as follows: (a) The employee approving the grievance shall complete Section 1 of Form DC1-306, Grievance Approval Action Form. Form DC1-306 is incorporated by reference in Rule 33-103.016, F.A.C. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399 and http://www.flrules.org/Gateway/reference.asp? No=Ref-01870. The effective date of the form is 11-12. (b) The approving employee shall then send Form DC1-306 and a copy of the approved formal grievance to the grievance coordinator in the event they are not one and the same. (c) The grievance coordinator shall complete Sections II, III, and IV of Form DC1-306. The grievance coordinator shall then provide the form and a copy of the approved grievance to the staff member(s) assigned responsibility for implementing the approved action. The grievance coordinator shall monitor this process. (d) The assigned staff member(s) shall complete Section V of Form DC1-306, stating what steps were taken to implement the approved action. This shall not be done until

after the steps have been taken. The assigned staff member(s) shall have 30 calendar days from the date the grievance was approved within which to implement the approved action. In the event that actual implementation cannot be completed within the 30 day period due to the circumstances beyond the control of the department staff, the assigned staff member(s) shall indicate this and the reasons therefor in Section V within the 30 day period. The form shall be held by the assigned staff member(s) until the corrective action has been taken. (e) Form DC1-306 shall then be returned to the grievance coordinator who shall ensure that the warden completes Section VI of the form. (f) The grievance coordinator shall complete Section VII of Form DC1-306, place a copy of the form in the grievance record log, and attach a copy of the form to the copy of the approved grievance in the inmate's file.[2] A copy of the form shall not be sent to central office. Fla. Admin. Code R. 33-103.016(1)(a-f) of the Follow Through on Approved Grievances. (2) Appeals and direct grievances to the Office of the Secretary. All grievances that are approved by the Bureau of Policy Management and Inmate Appeals shall be handled as follows: (a) The employee approving the grievance shall complete Section I of Form DC1-306. (b) The approving employee shall then mail Form DC1-306, along with a copy of the approved grievance or appeal to the appropriate warden's office. (c) The warden shall forward Form DC1-306 to the institutional grievance coordinator who shall complete Sections II, III, and IV of the DC1-306. The grievance coordinator shall then provide the form and a copy of the approved grievance to the staff member(s) assigned

---

[2] Thus, at no time is the inmate directly served with a copy of the implemented action taken by the Inspector General or staff member(s).

responsibility for implementing the approved action. The grievance coordinator shall monitor this process. (d) The assigned staff member(s) shall complete Section V of Form DC1-306 stating what action was taken to carry out the approval. This shall not be done until after the action has actually been taken. The assigned staff member(s) shall have 35 calendar days from the date the grievance or appeal was approved within which to implement the approved action. In the event that actual implementation cannot be completed within the 35 day period due to circumstances beyond the control of department staff, the assigned staff member(s) shall indicate this and the reasons therefor in Section V. The form shall be held by the assigned staff member until the corrective action has been taken. (e) Upon completion of the corrective action, Form DC1-306 shall then be returned to the grievance coordinator who shall ensure that the warden completes Section VI of the form. (f) The grievance coordinator shall place a copy of the completed form in the inmate's institutional file [2], retain a copy for his record, and forward the original form to the Chief of Policy Management and Inmate Appeals within 45 calendar days from the grievance approval date. The Chief shall ensure that the inmate grievance log in the Bureau of Policy Management and Inmate Appeals is updated and that a copy of Form DC1-306 is sent to the central office inmate file. [2] (g) In the event that the corrective action is taken prior to the response to the grievance or appeal and before the need to complete Form DC1-306, it is not necessary to complete the form." Fla. Admin. Code R. 33-103.016 (2) (a-g) of the Follow Through on Approved Grievances.

Thus, there's no procedural rule under Fla. Admin. Code R. 33-103.016 (1) (a-f) & (2) (a-g), nor any other grievance procedural rule under any subsections to Fla. Admin. Code Ch. 33-103.001 - .018 that mandates

6

or even so much as states, that it's the "Inmates responsibility to 'follow through on approved grievances.'" To the contrary, only staff member(s) are required to follow through on approved grievances. Furthermore, the inmate is not furnished a copy of the corrective action(s) taken by FDOC staff member(s) or in this case, the FDOC Inspector General's corrective action, if any taken & the findings reported & served upon the inmate Plaintiff. Lastly, there's no procedural rule whatsoever that an inmate is required to further exhaust next level administrative remedies of an approved "informal" grievance. In fact, there's no subsection under Fla. Admin. Code R. 33-103.016 that cites anything for "approved institutional 'informal' grievances, only approved institutional 'formal' grievances & approved direct grievances or appeals filed with the Bureau of Policy Management and Inmate Appeals. It's clearly established federal law in Florida that inmates incarcerated in the Florida Department of Corrections ("FDOC") need not further exhaust next level administrative remedies to an approved informal grievance. ...

"Holding a prisoner exhausted when she complained informally, the first step of the Federal Bureau of Prisons remedy, and the offending officer resigned when confronted; When a prisoner wins in the administrative process, he or she need not continue to appeal the favorable ruling." Bolton v. United States, 347 F. Supp. 2d 1218, 1220 (N.D. Fla. 2004). "Holding favorable decision completed exhaustion where policy did not require appealing a grievance that was satisfactorily resolved." Henderson v. Bettus, 2008 WL 899251, *4 (M.D. Fla., Mar. 31, 2008).

Other States of the federal circuits have held likewise. See, e.g., Redden v. Kearney, 2008 WL 440370, *7-8 (D. Del., Feb. 15, 2008)

(Plaintiff who received the relief sought exhausted, grievance rules said resolution at the first level ends the grievance process); Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) (holding a prisoner who repeatedly got favorable decisions, that later were not carried out had exhausted despite failure to appeal the favorable decisions); Cotton v. Kingston, 2004 WL 2325053, *4 (W.D. Wis., Sept. 4, 2004) (holding a favorable decision need not be appealed unless grievance policy explicitly requires it); Marvin v. Goord, 255 F.3d 40, 43 n. 3 (2d Cir. 2001) (holding that succeeding through the informal channels met the exhaustion requirement since the grievance procedure states that it is intended to supplement, not replace existing formal or informal channels of problem resolution).

Lastly, Defendant's undersigned Counsel contends that the Plaintiff was required to reinitiate new administrative remedies following the approval of his two informal grievances regarding the same issues is false because raising the same issues under new sets of grievances that had already rendered decisions will not be accepted by FDOC grievance officials & will be returned without action.

"Reasons for Return of Grievance or Appeal Without Processing. The informal grievance, formal grievance, direct grievance, or grievance appeal, hereafter referred to as "grievance," may be returned to the inmate without further processing if, following a review of the grievance, one or more of the following conditions are found to exist. The reasons listed below are the only reasons for returning a grievance without a response on the merits. .... A decision has already been rendered to an inmate by a particular office on the issue currently being grieved before it." Fla. Admin. Code R. 33-103.014(1)(m) of the Reasons for Return of Grievance or Appeal Without Processing.

In fact, our Eleventh Circuit under Parzyck v. Prison Health Services, Inc., 627 F.3d 1215 (11th Cir. 2010), decided this very issue & so held:

> We explained that "[n]othing in the FDOC's grievance procedures requires inmates to file new grievances addressing every subsequent act by a prison official that contributes to the continuation of a problem already raised in an earlier grievance." Id, at 1219. See also Arias v. Perez, 758 Fed. App'x 878, 882 (11th Cir. 2019) (Same).

### B. Exhaustion Requirement for Florida Prisoners When Alleging Physical Abuse, Excessive Force, or Any Other Allegation That Would Put the Inmate's Wellbeing in Jeopardy. —

Plaintiff's exhausted "informal" grievance remedies that factually alleged physical abuse & other factual allegations that would have, at the time, put his well-being in jeopardy, & were approved & reported to the Office of the Inspector General; was all that's required of him to fully exhaust in accordance with Fla. Admin. Code R. 33-103.001(3) of the Inmate Grievances General Policy, insofar as any further subsequent informal, formal, direct, or appeal grievances would nonetheless be treated as contraband, shall not be processed as a grievance or returned to the inmate, is not a grievance, and shall not constitute any step of the grievance process for the purposes of exhaustion:

> "... When such a purported grievance is submitted and contains **any** allegation of physical abuse, excessive force, or sexual abuse, or any other allegation that, if true, would put the inmate's physical wellbeing in jeopardy, the allegation(s)

shall be reported to the Office of the Inspector General.
**Any** purported grievance containing such an allegation shall,
nonetheless, be treated as contraband, shall not be processed
as a grievance, and shall not constitute any step of the
grievance process for the purposes of exhaustion." Fla.
Admin. Code R. 33-103.001(3) of the Inmate Grievances General
Policy.

When the Plaintiff filed the initial two informal grievances that
were approved & forwarded to the Office of the Inspector General
for review, investigation, & any further relief is deemed to
have completed the exhaustion requirement, inasmuch any
further grievances filed with the institution or the Bureau of
Policy Management & Inmate Appeals alleging the same set of
physical abuse &/or any other allegation that would put the
Plaintiff's physical wellbeing in jeopardy (which was the case here),
shall be treated as contraband, shall not be processed as a
grievance, and shall not constitute any step of the grievance process
for the purposes of exhaustion. Thus, pursuant to the United
States Supreme Court decision under Ross v. Blake, 136 S.
Ct. 1850, 1850-60 (2016), any further initiated administrative
remedies would be deemed **unavailable** due to a devised grievance
procedural system made to "trip up all but the most skillful
prisoners" Id. at 1860 (i.e., if it is somehow deemed that he
had an additional "available" grievance remedy following the
Office of the Inspector General's determination of the approved
grievances,                he was never served to this day the results
of the Inspector General's findings & Plaintiff cannot locate a single
rule in support of the contention), as well as through misrepre-
sentations into how the grievance process works. See Id. (citing
Davis v. Fernandez, 798 F.3d 290, 295 (5th Cir. 2015) ("Grievance
procedures are unavailable ... if the correctional facility's staff

misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process")). The Supreme Court has not stated what misrepresentations as to the actual issue or dispute being grieved can make the grievance process "unavailable." See Id. Instead, what can make the grievance process unavailable are misrepresentations as to the grievance process itself. Wherefore, Plaintiff exhausted his administrative remedies as he thought to do so in accordance with the grievance rules set-forth.

## CONCLUSION

Wherefore, based on clearly established rule of law, this Honorable Court should deny Defendant's motion to dismiss for failure to exhaust available administrative remedies, enter- tain the imposition of sanctions against the Defendants Undersigned Counsel for filing a frivolous motion because Florida law is clearly established & should have been known by licensed opposing Counsel, & order the Defendants to respond to the Plaintiff's claims set-forth in the Third Amended Complaint.

Respectfully Submitted,

131 _Adrih_

Alain David Perea, DC# M93551

Florida State Prison

P.O. Box 800

Raiford, FL. 32083-0800

\* PRO SE COUNSEL \*

CERTIFICATE OF SERVICE

I CERTIFY that a true & correct copy of the above & foregoing was furnished to prison officials for U.S. Mail service to the Honorable Clerk of Court, United States District Court, 1 N. Palafox St., Pensacola, Florida 32592 & Quintairos, Prieto, Wood & Boyer, P.A., Attn.: Joseph T. McGehee, Esq., 227 N. Bronough St., Ste. 7400, Tallahassee, Florida 32301 on this 11 day of December, 2023 (under mailbox rule).

/s/ APerea

Alain D. Perea, DC# M93551

* PRO SE COUNSEL *

# EXHIBIT A

M/4

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

Colonel Ms. Lewis Apalachee C.I

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☒ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perea  Alain | M-93551 | B-21275 | | 3-24-21 |

## REQUEST

Check here if this is an informal grievance ☒

I am personally writing this to inform you as Chief head of security at Apalachee Correctional Institution that on this date 3-14-21 I was housed in dorm O2 when I started feeling big symptoms of degression and dementia when out of nowhere I suffered a mental brakedown. Last incident I remember was your officers beating on my head and body until I blacked out and lost consiousness, I woke up inside a shower with a very strong burning sensation all over my face and body. Also I noticed how I was unable to speak correctly due to major pain and inflamation on the left and right side of my face. I was subsequently transported to the enfermery where a doctor diagnosed trauma to my left and right interior jaw. I was transported to RMC main unit where X-rays confirmed a broken jaw bone in two places. Now I am waiting for oral surgery so my family is

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be/responded to in writing.

Inmate (Signature): Perea    DC#: M-93551

OH 208-2103-0066

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE                                    DATE RECEIVED: _____

RECEIVED
3/25/2021
BT
RECEPTION & MEDICAL CENTER
WEST UNIT

Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your grievance approved from that standpoint. This does not constitute substantiation of your allegations.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is approved. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K Taylor | Official (Signature): K Tay | Date: 3/25/2 |
|---|---|---|

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

very concerned with any retalliation against my person. they have sought the legal help necessary for this incident.

Remedy sought: I need copies of the incident report for this date 3-14-21, and for the video footage inside O2 dormitory. Also I demand for these officers involved in the incident to take remedial training such as, crisis intervention training which teaches officers to deal with situations involving mental health break downs.

Mereah                                    M-93551

208 2103-0006

# EXHIBIT B

M/U

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

_RMC-West Unit_

TO: (Check One)
☐ Warden
☒ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name _Perea Alain_ | DC Number _M-93551_ | Quarters _B-21275_ | Job Assignment | Date _3-24-21_ |

### REQUEST

Check here if this is an informal grievance ☒

I am personally writing this, to inform you of an aggravated assault that happened to my person on 3-14-21 while assigned to compound Apalachee C.I. I was living in dormitory D2 when I suffered from a mental breakdown at this past institution, officers where summoned to the dormitory and due to the lack of knowledge and training they caused physical and psychological damage to my being, I was beaten beyond consiousness, sprayed, handcuffed and kicked all over my body. Subsequently to this incident I was transported to the enfermery where a Doctor Diagnosed me with major trauma to my left and right Posterior Jaw bone, the next day I was transported to RMC main unit where I awaited x-rays, which Indeed show 2 major fractures to my Jaw bone. I am in urient need of your assistance, gathering the video footage in D2 ACI and any incident reports. My

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Alaiah_   DC#: _M-93551_

**RECEIVED**
3 25 2021
BT

04 208-2103-0005

**DO NOT WRITE BELOW THIS LINE**

RECEPTION & MEDICAL CENTER
WEST UNIT

### RESPONSE

DATE RECEIVED:

Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your grievance approved from that standpoint. This does not constitute substantiation of your allegations.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Approved_ (Returned, Denied, or **Approved**). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): _KTaylor_ | Official (Signature): _HS_ | Date: _3/25/2_ |

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

419

Incorporated by Reference in Rule 33-103.005, F.A.C.

parents, and family members are deeply concern with my
safety and with any retaliation against my person
as well as me returning to ACI so they have
sought legal help from different lawyers. ⨉ Remedy Sought:
your assistance gathering any medical records, incident
reports and/or video footage relating to this incident.

Location: Apalachee C.I.

Dormitory: O₂

Inmate Info: Alain Pesca — M-93551

Chemical Agents used, several unknown officers.

Date of Incident - 3-14-21

A.Pesca                        M-93551

208-2103-0065

Alain D. Perea M-93551
Florida State Prison
P.O Box 800, Raiford Florida
32083.

Mailed From A State
Correctional Institution



US POSTAGE · PITNEY BOWES
ZIP 32083 $ 002.07
02 4W
0000365900 DEC .12 2023

United States District Court
1 N. Palafox Street, Pensacola Florida
32502.

LEGAL MAIL

LEGAL MAIL ONLY