UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALAIN DAVID PEREA,

     Plaintiff,

v.                                 Case No.  5:22-cv-156-TKW-MJF

SHERNEKA SMITH, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Alain David Perea, proceeding *pro se*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. Doc. 22. Defendants Smith and Clemons move to dismiss the complaint on the ground that Perea failed to exhaust his administrative remedies. Doc. 37.[1] Perea opposes the motion. Doc. 39. The undersigned recommends that Smith and Clemons's motion to dismiss be denied.

### I. BACKGROUND

Perea is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Florida State Prison. Doc. 32. Perea

---

[1] Smith and Clemons are the only remaining Defendants in this action. Four other Defendants ("Unidentified Officers 1-4") named in Perea's third amended complaint were dismissed on June 26, 2023. Doc. 24.

initiated this action on August 2, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Perea's third amended complaint claims that Captain Smith and Sergeant Clemons violated the Eighth Amendment when they used excessive force on Perea on March 14, 2021. As relief, Perea seeks compensatory and punitive damages.

Smith and Clemons move to dismiss this action with prejudice because Perea failed to properly exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Doc. 37. Perea responds that he satisfied § 1997e(a)'s exhaustion requirement. Doc. 39.

## II. DISCUSSION

### A. The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether

they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 90 (internal quotation marks and citation omitted).

"To determine 'proper exhaustion' in prisoner civil rights actions, courts must look to the requirements of the 'prison grievance system.'" *Gipson v. Renninger*, 750 F. App'x 948, 951 (11th Cir. 2018) (quoting *Woodford*, 548 U.S. at 95). In other words, "[a] prisoner must comply with rules 'defined not by the PLRA, but by the prison grievance process itself.'" *Gipson*, 750 F. App'x at 951 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *see also Porter*, 534 U.S. at 524-25. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.

Generally, the FDC's administrative remedy program requires an inmate to begin the grievance process by submitting an informal grievance to the designated staff member, who forwards the informal grievance to the staff member responsible in the particular are of the problem. Fla. Admin. Code r. 33-103.005. If the inmate is dissatisfied with the response, he inmate may submit a formal grievance at the institutional level. Fla. Admin. Code rr. 33-103.006, 33-103.015(5). If the inmate is dissatisfied with the response to the formal grievance, he may file an appeal to the Office of Secretary. Fla. Admin. Code rr. 33-103.007(1), 33-103.011, 33-103.015(5).

**B.     The Framework for Evaluating an Exhaustion Defense**

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *Jones*, 549 U.S. at 216; *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure for addressing motions to dismiss for failure to exhaust administrative remedies under the PLRA.

The defense of failure to exhaust should be treated as a matter in abatement. *Id*. at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a

jurisdictional matter." *Turner*, 541 F.3d at 1082 (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment. *Bryant*, 530 F.3d at 1374-75.

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id*. at 1082.  If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. at 1082.

If the complaint is not subject to dismissal at the first step—where the plaintiff's allegations are assumed to be true—"the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g., Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) ("A district court may properly consider facts outside of the pleadings to resolve a factual

dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." (citing *Bryant*, 530 F.3d at 1376)).

## C.   **Application of the *Turner* Procedure**

The factual allegations in Defendants' motion to dismiss do not conflict with the allegations in Perea's response to the motion, at least with regard to the steps Perea took to exhaust his administrative remedies. *See* Doc. 37 & Attach.; Doc. 39 & Attach.[2]

The parties do not dispute that on March 24, 2021, Perea filed two informal grievances concerning Smith and Clemons's use of force on March 14, 2021. Doc. 37, Ex. A; Doc. 39, Exs. A, B. On March 25, 2021, the same prison official (K. Taylor) approved both grievances, stating:

> Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your grievance approved from that standpoint. This does not constitute substantiation of your allegations.
>
> . . . .

---

[2] Perea's third amended complaint contains no allegations concerning exhaustion.

Based on the above information, your grievance is approved.

Doc. 37, Ex. A; Doc. 39, Exs. A, B.

That is the extent of Perea's grievances with regard to the use of force on March 14, 2021. Doc. 37 & Attach.; Doc. 39 & Attach. The use of force was reviewed by the Inspector General's Use of Force Unit and approved as an appropriate use of force. Doc. 37, Ex. B.

Defendants argue that Perea failed to exhaust his administrative remedies because "Perea never appealed these grievances or related findings [of the OIG] to the Office of the Secretary within 15 days, as required by Rule 33-103.011(1)(c)." Doc. 37 at 11.

As it pertains to Perea's informal grievances, Perea was not required to file a formal grievance or appeal, because his informal grievances were approved. *See Williams v. Dep't of Corr.*, 678 F. App'x 877, 881 (11th Cir. 2017) (Florida prisoner was not required to appeal from a grant of relief to exhaust his administrative remedies); *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1248 (N.D. Fla. 2019) (Florida prisoner whose informal grievance was approved "did not need to appeal his grant in order to exhaust his administrative remedies"); *cf. Whatley v. Smith*, 898 F.3d 1072, 1085 n.60 (11th Cir. 2018) ("A grievance can be exhausted

without being appealed all the way through the grievance resolution process.").

Defendants do not identify any provision of the FDC's inmate grievance procedure—or inmate handbook—that requires an inmate to appeal from the *approval* of his grievance. *See* Fla. Admin. Code r. 33-103.016 (procedures for *staff* follow-through on approved grievances). Moreover, the responses to Perea's grievances indicated that Perea could appeal only if the grievance was denied. Doc. 37, Ex. A ("If your informal grievance is *denied*, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C." (emphasis added)); *see also* Fla. Admin. Code r. 33-103.015(5) (requiring prison officials responding to grievances to include a statement advising the prisoner of his right to appeal—and how to appeal—only when the informal or formal grievance is denied).

As it pertains to an appeal from the OIG's decision, Defendants do not identify any provision of the FDC's inmate grievance procedure that allows an inmate to appeal from an OIG's findings. The FDC's procedures for reviewing uses of force include no provision for inmates to be notified, much less seek administrative review of the OIG's findings. *See* Fla. Admin. Code r. 33-602.210(10) (OIG review of uses of force).

Page 8 of 9

## III.   CONCLUSION

Smith and Clemons have not carried their burden of establishing that Perea failed to exhaust available administrative remedies. Accordingly, the undersigned respectfully **RECOMMENDS** that:

1.   Smith and Clemons's motion to dismiss, Doc. 37, be **DENIED**.

2.   This case be returned to the undersigned for further proceedings on Plaintiff's claims against Smith and Clemons.

At Panama City, Florida, this 17th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**